1-524 from the Eastern District of Missouri, Alicia Street et al. versus Gerald Leyshock et al. And maybe Madam Clerk if you could just check in the lawyers so the judges can identify them easily. Yes, Your Honor. Mr. Laird? Mr. Laird, your mic seems to be muted or not on. Say that again. Yes, I can hear you now. Can you hear us? Yes. OK, that's good. And Mr. Cazale? I'm here, Your Honor. I can hear everybody fine. Thank you. Thank you. All right. Very well. And Mr. Cazale, you can mute and Mr. Laird, we'll hear from you first. May I speak to the court? Your Honor, this case is on an appeal from a partial denial of a motion to dismiss by the remaining defendants, Lieutenant Colonel Leyshock, Lieutenant Sachs, Lieutenant Boyer, and Sergeants Jemerson, Rossimano, and Karnowski. Because we believe the court misapplied the law on qualified immunity, we ask that the court reverse that order and that these defendants be dismissed. We've essentially raised three arguments in our brief. The first, all three of them are under the umbrella of qualified immunity. The first is that the intracorporate conspiracy doctrine should bar the claim of conspiracy against these defendants and in any event that the unsettled nature of that law should should lead to the granting of qualified immunity. Second, that the claims for an unlawful arrest should be dismissed because qualified immunity applies because it was the least arguable probable cause, if not outright probable cause, to order the arrest. And third, that there is no that the complaint did not sufficiently allege the facts for a supervisory liability and a qualified immunity should apply to that as well. To start with the intracorporate conspiracy doctrine, this is something that that we have that has been briefed quite, I guess, quite a bit in the last few last couple of years, particularly on our part. We can, you know, we from our standpoint, we can think of no we can think of no no greater example about the unsettled nature of that law than we can that there are two courts in the eastern district of Missouri that have applied this separately in Bodie versus the city of St. Louis. Jeff Sipple found that the unsettled nature of this law and that the fact that several circuits have applied it to 1983 and others either haven't or haven't had a chance to address it and that the circuit has not specifically addressed it would lead to the unsettled shows that it's unsettled and that qualified immunity is applicable. In this case, the case of Bodie, the court below found disagreed with that explicitly stating that it was settled enough for qualified immunity to be denied. The very fact that two district courts in this in this very same district can disagree on it, we think shows pretty clearly that there is at least unsettled nature as to whether or not the intracorporate conspiracy doctrine should be applicable. Mr. Laird, in the 8th Circuit, however, there are conspiracies under a section 1983 theory, correct? Yes. Those have been recognized? Yes. And what you're saying is that is that not clearly established then that that's a lot of viable theory of liability here? Well, it's established that conspiracy can be a viable theory of liability, but what's not established is that when all of the members of the conspiracy are members of the same entity and that the intracorporate conspiracy defense has then been asserted, that it's a viable theory of defense that applies to 1983 claims. So your argument is that it was waived or not raised in those cases, so qualified immunity should apply here? It certainly wasn't addressed in any of the opinions on those cases in which conspiracy was found to be a viable claim. I guess I don't know all of those claims as to whether or not they either waived it or didn't assert it, but it has not been addressed in any of those claims. I would agree that conspiracy has been found as a viable claim, but with the intracorporate conspiracy doctrine at play, there's been nothing in the 8th Circuit that has addressed that particular defense, at least not as it relates to 1983 claims. So you're applying the clearly established to a defense? At this point, yes, because we think qualified immunity with the fact that it hasn't been ruled on as to whether or not it would be applicable or whether or not what these officers did would be covered under that defense. The fact that it's not clearly established should lead to the fact that qualified immunity applies to whether or not they can rely on it. This is the type of an action for which other courts that have applied 1983, or excuse me, intracorporate conspiracy to 1983, they have done so. For example, in Boushey v. Kerbin, which is the 4th Circuit case, they laid out several elements which should be considered and analyzed as to whether or not intracorporate conspiracy applies. For example, were the harms something that would arise out of the duties of that employment? Basically, were these actions that would be taken only because of their status as state employees? In this case, all of the actions that occurred, occurred by police officers, acting as police officers, and all of the harm that occurred was the kind of harm that would arise from police officers, that they were arrested unlawfully, that force was used, things of that nature. What year is the case that you're referring to in the 4th Circuit? 2016, I believe it is. Okay, so shortly before this event. If you were to look just at the 8th Circuit law for what was established, would you agree that, or would you not agree that the officers would be on notice, that this is a viable theory of liability if you do look at the 8th Circuit, or the bulk of the authority across the circuits? I apologize, I looked at it again, I had it confused. It was a 1985 case that it applied to intracorporate conspiracy. So you've highlighted one case, and I understand that you've highlighted a case where this defense has applied. I'm trying to sort of put this into the framework of our analysis in terms of sort of giving the officers notice of what is a theory of liability here, what should they be on notice of. Is your argument then that that one or two cases meant they were not put on notice? I think that this is a viable theory, and that this is a viable defense, and that they should be protected under it. What I guess we're saying here is that the district courts, in this case and in others, their simple refusal to apply it, or at this time not applying it, other than the Bodie case that found that the unsettled nature would lead to qualified immunity. None of the district courts at this point that have had this theory in front of them have issued an order as to whether or not it would be applicable to 1983, and whether or not it would be covered. So, in other words, they haven't denied any motions because they've said intracorporate conspiracy doesn't work here. They've simply refused to decide whether or not we're going to analyze it here at this stage. Remind me, why did the judge here refuse to rule on it? She found she disagreed with Judge Sippel's analysis that it was unsettled, went through an analysis that said because conspiracy has been recognized as viable at this stage, she's not going to apply intracorporate conspiracy. But that's an error because the issue was never raised in those cases, is your position? Yes. It certainly wasn't analyzed or there was certainly nothing in any of the orders prior that would lead anybody to whether or not it should or should not have been applied at that point. And the other case that I would point to would be a Second Circuit case, Hodge v. City of Long Beach, in which the Second Circuit stated that it would be applicable in cases where the entity itself was one of the alleged conspirators, which if you read through Count 4, in this case, in our case at Barr, the city is one of the conspirators. It states the city, the defendants, along with the city of St. Louis, conspired to engage in these actions, which would be consistent with the type of action that the intracorporate conspiracy doctrine was intended to discuss, in that if employees of the same entity are conspiring with the entity, that really doesn't constitute a conspiracy claim. And in this case, just like that one, we have where the city of St. Louis is one of the, I guess, alleged conspirators. So we do think that the Eighth Circuit has applied in Powers v. the City of Ferguson, the intracorporate conspiracy doctrine to 1985 cases, along with the Supreme Court in Ziegler v. Abbasi. And so 1985 and 1983, if you look through the jurisprudence on those cases, in fact, even one Supreme Court case, Griffin v. Birkenridge, discussed that 1983 and 1985 being analogous theories or analogous statutes that arise out of the same origin, effectively with the same goals, they should be seen as analogous cases, or analogous statutes. So if it's applicable in 1985 cases, it makes sense to then apply it to the similar types of conspiracies that you might see in a 1983 case, where all of the defendants, as they are here, in a department-wide setting at least, acting in the general interests of the organization, the intracorporate conspiracy theory doctrine should be applicable. Second, our second point is that the allegations or the claims of unlawful seizure should be dismissed because there was at least arguable probable cause to arrest those who were present at Washington and Tucker that night. Of course, the probable cause is an objective analysis that needs to take into account the totality of all of the circumstances. And reading all of the facts that have been placed into the record, including both the complaint  and the claim, probable cause, at least arguable probable cause, existed to order that arrest. We would note at this point, too, there has been a case at bar in the Eastern District that did, on this very same event, find that there was arguable probable cause to issue or to make the orders to arrest, and that was Burbridge versus the city of St. Louis. And although the order in that case came on a motion for summary judgment, the facts that Judge Clark relied on in that case and the facts are all present in this case, are all present in the record here, that there were allegations or that there were reports of violence, that there were reports that the same people who were engaged in the violent and aggressive behavior near the time of the arrest were the same people that had engaged in violence or property destruction earlier, that those reports made their way to the incident commander and with all of this information that he ordered the arrest, that there were all of those factual information was relied on in summary judgment, but it's all present here. And so there should be, with arguable probable cause, to make those arrests, qualified immunity should be granted to all of those defendants. And at this point, if there are no other questions on those points, I'd like to reserve the balance of my time for rebuttal. Very well, you may do so. Thank you for your argument. Mr. Casali, we'll hear from you. May it please the court, my name is Javad Casali and I am one of the attorneys for the appellate in this case. This case is at a motion to dismiss stage. We're at a 12B6 stage where the information must be construed based on the allegations in this case that were in the amended complaint. As Mr. Laird just stated, they made a statement that all of the people who were involved in this were seen to have committed violence. That's not anywhere within the allegations. In fact, within the allegations, we expressly deny that. To go directly to the question about why the city's argument for conspiracy fails, they fail for three separate reasons. The first thing that the city did not do was define intercorporate conspiracy. And luckily, in 2017, the Supreme Court gave us the definition in Ziegler v. Abbasi. And I'm going to quote directly. When two agents of the same legal entity make an agreement in the course of their official duties, however, as a practical and legal matter, their acts are attributed to the principal. In this case, what the city is trying to do doesn't even fit into the definition of intercorporate conspiracy. Number one, we are not suing these officers in their official capacity. We are suing them in their individual capacity. And about three weeks ago, in a similar case to this, the Falk case, Judge Loken pointed this out exactly. And I liked it so much that I had a transcript made of it. And Judge Loken stated this succinctly. We are dealing with official The 1985 cases that the city points to are all cases regarding the dissemination of official policy by policy makers. But let's talk about the second part of the Ziegler definition of intercorporate conspiracy, which is fatal to the city's argument. It happens when the practical and legal matter, the acts are attributable to the principal. Since Monell, there has been no respondent superior ability in a 1983 case. The reason that intercorporate conspiracy exists is when there are two actors whose actions are either through vicarious liability or respondent superior, quote, attributed all to the principal, you don't need it. But in this case, it's not even possible. The second reason that their argument failed, and I think Judge Kelly pointed this out during questioning of the city, is that since Pearson and the Supreme Court and even in Abbasi, they talk about the act that the person needs to have knowledge about is the unconstitutional conduct. That the officer must be on notice that the unconstitutional conduct is, that the conduct that they're engaging in is unconstitutional. What the city is trying to do here is expand this to every possible affirmative offense, whether or not it currently exists or could exist in the future, and that's not at all what Pearson has ever said and its progeny has said. It's always been about whether the act, and the act that's alleged in this 1983 case is excessive force and uses of violence, the ability to arrest people for no reason. And even though the city repeatedly states that Judge Perry didn't review any information or didn't even look at that, Judge Perry had a very detailed decision here. And to note, Judge Perry was also the judge on the Ahmaud case where she sat during a three day evidentiary hearing to hear about what happened during this event. She's reviewed a 45 minute video, and at the end of reviewing the 45 minute video, she made the determination that there was no violence, no violations of law except for maybe three people milling in a street where the street had been closed, and thus no force should have been used. So there was no probable cause at all to arrest. This argument of arguable probable cause, I'll get to in my second section. The third reason, as Judge Kelly pointed out, that the city's argument failed... Could I ask one thing before you go to the third point? You say the excessive force, but on the conspiracy claim, isn't the act alleged the agreement? Isn't that the illegal act in that count as opposed to the counts that allege a substantive act of arrest or force? What we're arguing here is that that is the method by which they got to the point where they take it together and decide to commit an arson. The eventual act is the arson. Don't you have the agreement as an element of that count? Correct, but in the context of Pearson and qualified immunity, the question is what is the underlying unconstitutional act? Why would there be qualified immunity in Ziegler then? If you're right about the meaning of Pearson, the Supreme Court shouldn't have... I'm not tracking. Why would you be able to get qualified immunity on the inter-corporate conspiracy doctrine in a 1985 case? In that situation, the title of 1985 is the conspiracy section. In these situations, these are policymakers in their official capacity making official policy. There is no underlying violence. There is no underlying arrest. The only act there is the decision to make the policy. That's what they did in Ziegler. As Judge Kelly has pointed out here, which goes to my third point, in the Eighth Circuit, the idea that a 1983 conspiracy in and of itself can be an unconstitutional act has existed since at least 2013. In 2013, there were two separate holdings by this court that found that 1983 civil conspiracies on their own. Not 1985, 1983 civil conspiracies can be unconstitutional. Counsel, would you agree with your colleague that the inter-corporate conspiracy was not raised in either of those cases? I actually don't know that. It's not something that was on appeal, I would assume. Would you agree that it wasn't decided in the opinions? I would agree that in those cases, it does not speak about inter-corporate conspiracy. Do you agree as a general matter that a matter is not considered settled as precedent if it's not resolved by the case and if it's just implicitly or sub silentio addressed? Well, I think there are two reasons why I don't think that applies here. First, if we go back to Ziegler, we have to decide whether even what they're arguing meets the definition of inter-corporate conspiracy. Because this is an official act and because it cannot be attributable to the principle, it does not fit into the definition. You're circling back to your second point. I'm just focused on your third point now, which is whether there's already clearly established law in the 8th Circuit rejecting the doctrine in a 1983 case. That's not what I'm saying. I'm saying that there's established law in the 8th Circuit that 1983 civil conspiracy is an unconstitutional act. You're not asserting that it's clearly established that the inter-corporate conspiracy doctrine is inapplicable to 1983. What we're arguing is that the inter-corporate conspiracy doctrine, it doesn't even fit the definition. Yeah, I get that point. That was your second point. I understand that. Because it doesn't fit the second definition. However, I will point out that subsequent to Ziegler, there's a long line of cases. The two cases that the city pointed to were 1985 and in 2006, which predated Ziegler. Since Ziegler, there's a line of cases that talk about inter-corporate conspiracy. Most of them are outside of the 1983 civil rights context. There's a case called Kilbride Investments out of the Eastern District of Pennsylvania, which was a 2018 case. It all talks about vicarious liability. Then there are three cases from May to July of 2021. Weston v. City of Chicago, Liggins v. City of Chicago, and Fulton v. Bartwick. All of those in the Northern District, which apply and state that at this point, the facts, as we allege, would show the inter-corporate conspiracy would not apply. You say Northern District. You're talking about Northern District of Illinois? Of Illinois. The case sites for those, if you want, are 2021 WL 2156-459. The other one is the same beginning, 289-4167. The other one is 271-2060. Finally, the issue clearly established is notice to the police as to whether their actions are unconstitutional. Since 2016, and one of those cases is S.L. Lenderman v. City of St. Louis, a case involving the City of St. Louis. These officers have been on notice. What the city is asking you to do is to find an affirmative defense must be clearly established. That's not anywhere within Pearson. That's not anywhere within the line of cases that are subsequent to that in the 8th Circuit. Even if we go back to Ziegler v. Abbasi, it states that the doctrine is designed to preclude liability unless, quote, it would have been clear to a reasonable officer that the alleged conduct was unlawful in the situation they confronted. There's nothing that says that this applies to affirmative defenses. Next, I'd like to turn to their argument. Just to be clear on that last point, are you saying that in Ziegler v. Abbasi, the intra-corporate conspiracy was not an affirmative defense? Well, in 1985 cases, the specific argument there, the title of 1985, is conspiracy to provide. What they determined there was that it doesn't apply in this matter because the specific conduct in that case was the policy making. In this case, it's not a policy that we are alleging is the specific conduct. We're alleging the specific conduct is the 1983 excessive force beating and stuff like that. That actually wasn't an affirmative defense in that case. It went to the specific conduct, which was the policy making. To go to this argument about arguable probable cause, and in a case that this is now the second time that I've argued this, and I think the city has taken at least eight more appeals on this, in a case called Bowdy, which Judge Kelly was on the panel, the discussion was about what is the standard in a 12B6 case. The judge in this case, Judge Perry, reviewed our facts and determined that there was no basis, as alleged within our complaint, that there was any reason to use force. What the city is asking you to do is cherry pick things out of exhibits and interpret them not in a light most favorable to the plaintiff, or as we allege, but in a light that is most favorable to the city, which isn't even- Was that quote unquote finding though tied to the legal conclusion that Bernini did not apply here? So in the Bernini case, I think Bernini and Carr both go to this argument of a unit, and the city's whole basis for their arguable probable cause is that they believe that this might have been a unit, and applying Bernini where that was an ongoing riot, people were throwing feces and rocks at officers, and applying Carr where similar things were going on, to the fact pattern, as we've alleged in the four corners of our document, that there was no violence, everybody was complying, and in fact, the only reason, as we allege in our complaint, that anybody was at that intersection was because the city told them to go there. So I think in Bernini, and it's the arguable probable cause, there was no basis there. And this idea that you can rely on your superiors. In Bell, and most importantly, in Karashi recently, that your honor, Judge Kobus, you were on, the determinations were that if you're on the scene, which all of the defendants were on the scene, you need to make your own independent assessment, and that you can't rely on what somebody else tells you to do, if you're there. And in this case, all of these defendants were there. Finally, to go to the city's argument that these injuries were de minimis, from paragraphs 152 to 264, we allege major injuries, including stomping on the back, pepper spraying, injuries to people's life. None of that falls under any definition of de minimis. That's the end of my time, unless anybody has... I did have one question on the excessive force claim, if you entertain it. The district court cited several paragraphs of the complaint on pages 13 and 14 of the order in denying the motion to dismiss on those allegations. But do you have any allegation that these defendants used force, excessive force, against the five named plaintiffs, as opposed to other people? Well, we allege specifically that many of these defendants were within arm's reach, were ordering people to do this, were telling their officers to do this. These are the supervisors who came up with the plan, who directed everybody to arrest. And that actually goes to the contrapositive of what the city is saying. The city is saying people shouldn't be liable because it was the supervisors who told you to do anything. And at the same time, they're saying, well, the supervisors shouldn't be liable because they weren't hands on. In the end, these were the supervisors who were controlling what was happening. And Judge Perry made a very thoughtful decision when she pared down this case to say that these are people that specific allegations were made against. Okay. Thank you for your argument. Thank you, Mr. Gonzalez. And Mr. Laird, we'll hear from you in a little while. Thank you, Your Honor. The first point I'd like to make relates to the intercorporate conspiracy. Ziegler v. Abbasi, the court analyzed the intercorporate conspiracy doctrine in the framework and in the context of qualified immunity. So that there is discussion above about actions being taken through official positions and through the scope of their employment. But if we were only talking about official capacity claims, the Supreme Court would not have been addressing that within the context of qualified immunity, which of course only applies to individual capacity claims. And second, the other aspect of this is exactly one of the reasons why we think that this doctrine applies is the conduct that they're alleging isn't the agreement itself, it's the actual unconstitutional conduct which has to be analyzed on an individual basis. By bringing in a conspiracy of the nature of which they're bringing it, they're trying to attach liability to those who didn't have any personal involvement. I'm sorry, did I start your question? Hello? Was there a question, Judge Coates? No, Judge Gallatin, no. Okay, I heard something too, but it was not from the court. Okay, the other point I would like to bring up is with relation to the arguable probable cause. We're not arguing that anything needs to be cherry picked, quite the opposite. We're arguing that all of the facts that have been provided in both the complaint itself and all of the exhibits be examined in its totality. The fact that there are some facts within the exhibits that are not hopeful to the plaintiff is irrelevant. The fact that they are in the record and they're part of the complaint. In fact, in one case in front of the 8th Circuit, Kiesling v. Holliday, that's 859 F3 529, the allegations of the complaint were defeated by the presence of a probable cause statement that was attached to the complaint. They were able to rely on essentially the statements of the officer to defeat those of the complaint itself. With that, we respectfully request that the district court be reversed. Thank you.